894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clyde R. GOETZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3768.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Goetz moves for in forma pauperis status on appeal from the district court's order denying Goetz's motion to vacate sentence. 28 U.S.C. Sec. 2255 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1979, Goetz pleaded guilty to possession of stolen Treasury checks and forgery. He received a ten year sentence. In 1989, Goetz filed his motion to vacate raising three issues: 1) violation of the double jeopardy clause, 2) judicial bias, and 3) judicial manipulation of sentence. Goetz also filed a motion to amend, adding a Fed.R.Crim.P. 11 issue. After the government filed responses, the district court entered an opinion and order denying the motion to amend and holding that Goetz's other claims lacked merit. Goetz then appealed.
 
 
 4
 The primary issue in this case concerns double jeopardy. Goetz's argument on this issue lacks merit because both the possession of stolen Treasury check and forgery charges contain different elements. See Whalen v. United States, 445 U.S. 684, 693-95 (1980). Goetz cites Ball v. United States, 470 U.S. 856, 862 (1985), in which the Supreme Court held that proof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon.
 
 
 5
 If this case involved the illegal possession of a stolen Treasury check and receiving a stolen Treasury check, Ball would control. But this case involves possession and forgery charges. Forgery involves an additional act which is more than possession, namely, the illegal signing of a document. Therefore, Ball can be distinguished from the present case. No double jeopardy violation occurred here.
 
 
 6
 We have examined Goetz's remaining issues, and they do not present a significant question. Accordingly, the motion for pauper status is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation